1  **PETER C. ANDERSON**
   **UNITED STATES TRUSTEE**
2  Jennifer L. Braun, Bar No. 13092
   Assistant United States Trustee
3  Katherine C. Bunker, Bar No. 240593
   Attorney for the United States Trustee
4  **OFFICE OF THE UNITED STATES TRUSTEE**
   21051 Warner Center Lane, Suite 115
5  Woodland Hills, California  91367
   Telephone: (818) 716-8800
6  Facsimile: (818)716-1576
   E-mail: jennifer.l.braun@usdoj.gov
7         kate.bunker@usdoj.gov

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **SAN FERNANDO VALLEY DIVISION**

12  In re                                )    Case No. 1:09-bk-27362-MT
                                         )
13                                       )    Chapter 11
                                         )
14  **DAVID ARELLANO AND**               )    **U.S. TRUSTEE'S OBJECTION TO**
    **EVELIA BARBA**,                    )    **AND REQUEST FOR HEARING ON**
15                                       )    **DEBTOR IN POSSESSION'S**
                                         )    **APPLICATION FOR**
16            Debtors.                   )    **EMPLOYMENT OF ATTORNEY**
                                         )    **PURSUANT TO 11 U.S.C. § 328**
17                                       )
                                         )    Date:  To be set
18                                       )    Time:  To be set
                                         )    Place:  Courtroom 302
19                                       )
                                         )
20                                       )
    _____    )
21

22          TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY

23  JUDGE, DEBTORS, AND OTHER PARTIES IN INTEREST:

24          The United States Trustee ("U.S. Trustee") objects to the Debtor In Possession's

25  Application for Employment of Attorney Pursuant to 11 U.S.C. § 328 (the "Application").

26  The Application requests that the Law Offices of Barsness and Cohen be employed under 11

27  U.S.C. § 328.  Application at 2.  By seeking to have its employment be approved pursuant to

28  11 U.S.C. § 328, the Law Offices of Barness and Cohen would be able to evade a

1    reasonableness inquiry prior to approval of its fees under 11 U.S.C. § 330.  The U.S. Trustee

2    therefore believes that general bankruptcy counsel in chapter 11 cases should not employed

3    pursuant to 11 U.S.C. § 328, but rather pursuant to 11 U.S.C. § 327.

4         Pursuant to § 327 of the Bankruptcy Code, a debtor-in-possession "may employ one

5    or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that

6    are disinterested persons, to represent or assist the trustee in carrying out the [debtor-in-

7    possession's] duties under this title."  11 U.S.C. § 327(a).  The approval of a retention

8    application establishes only that a professional may be employed, "and not that his

9    employment will be therefore or thereafter be compensated from estate funds."  Ferrara &

10    Hantman v. Alvarez (In re Engel), 124 F. 3d 567, 572 (3d Cir. 1997).  Therefore, § 327

11    establishes no guaranteed right to payment of fees.  Rather, this provision set forth the

12    requirements for retention.

13         Likewise, § 328 of the Bankruptcy Code creates no automatic right of payment.  This

14    provision authorizes:

15         employment of a professional person under § 327 . . . of his title, as the case
        may be, **on any reasonable terms and conditions of employment**, including

16         on a retainer, on an hourly basis, or on a contingency fee basis.
        Notwithstanding such terms and conditions, the court may allo compensation

17         different from the compensation provided under such terms and conditions
        after the conclusion of such employment, **if such terms and conditions prove**

18         **to have been improvident in light of developments not capable of being**
        **anticipated at the time of the fixing of such terms and conditions.**

19

20    11 U.S.C. § 328(a)(emphasis added).

21         Under § 328(a), "the court cannot alter [the terms approved in a employment order]

22    unless it finds the original terms 'to have been improvident in light of developments not

23    capable of being anticipated at the time of the fixing of such terms and conditions.'"  Giles v.

24    Reimers (In re Reimers), 972 F.2d 1127, 1128 (9th Cir. 1992).  Thus, in approving a fee

25    arrangement under § 328(a), it has been held that "a court may not revisit the reasonableness"

26    of the arrangement when approval of the fees eventually is sought.  In re XO Comm'ns, Inc.,

27    323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005).

28

1    Bankruptcy Code § 330(a) provides:

2    After notice to the parties in interest and the United States trustee and a
hearing an subject to sections 326, 328, and 329, the court may aware to a
3    trustee, an examiner, a professional person employed under section 327 or
1103- reasonable compensation for actual, necessary services rendered by the
4    trustee, examiner, professional person, or attorney and by any paraprofessional
person employed by any such person; and reimbursement for actual, necessary
5    expenses.

6    11 U.S.C. § 330(a)(1)(A) & (B).

7    Sections 328 and 330 of the Bankruptcy Code therefore, establish a two-tiered system

8    for judicial review and approval of the terms of a professional's retention.  Section 330

9    authorizes the bankruptcy court to award a retained professional "reasonable compensation"

10   based on an after-the-fact consideration of "the nature, the extent, and the value of such

11   services, taking into account all relevant factors."  11 U.S.C. § 330(a).  However, § 328(a) -

12   the standard of review the Law Offices of Barsness and Cohen seeks - requires a bankruptcy

13   court to forgo a full post-hoc reasonableness inquiry if it pre-approved the "employment of a

14   professional person under section 327 . . . on any reasonable terms and conditions of

15   employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or

16   on a contingent fee basis."  11 U.S.C. § 328(a).  If the court pre-approves the terms and

17   conditions of the retention under § 328(a), its power to amend those terms is therefore

18   severely constrained.  It may only "allow compensation different from the compensation

19   provided under such terms and conditions after the conclusion of such employment, if such

20   terms and conditions prove to have been improvident in light of developments not capable of

21   being anticipated at the time of the fixing of such terms and conditions."  Id.

22   One can anticipate all types of developments that could arise in representing a debtor-

23   in-possession as general bankruptcy counsel.  As such, it would be difficult for the Court or

24   any other interested party to pose an argument that the Law Offices of Barsness and Cohen's

25   compensation proved to have been improvident in light of developments not capable of being

26   anticipated at the time of this Application was approved which fixed the terms and conditions

27   of its compensation.

28

3

1    Accordingly, under the circumstances of this case, the U.S. Trustee believes it would

2   be inappropriate to apply the restraints of § 328(a) to the Court's and other interested parties'

3   review of the Law Offices of Barsness and Cohen's compensation.  Instead, reliance upon the

4   reasonableness standard of § 330 is justified and appropriate, and employment should be

5   pursuant to § 327.

6    Based of the foregoing, the U.S. Trustee requests that the Court set this matter for

7   hearing and that the Court enter an ordering denying the Application.

8

9   Date:   March 16, 2010                    OFFICE OF THE UNITED STATES TRUSTEE

10                                            By:  /s/ *Katherine C. Bunker*

11                                                 Katherine C. Bunker
                                                   Trial Attorney
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: | CHAPTER: |
| --- | --- |
| | CASE NUMBER: |
| Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
| --- | --- | --- |
| _Date_ | _Type Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                                   **F 9013-3.1**